Tuuley, J.
delivered the opinion of the court.
This is an action of ejectment in which the lessee of the plaintiff derives title to the premises in dispute, in the following manner. A grant from the State of North Carolina to Sarah Rutledge, dated the Í5th day of September, 1787. Sarah Rutledge afterwards married one-Ivey, by whom she had two children, viz: Nancy Perry the wife of the defendant in ejectment, and Thomas R. Ivey. This husband dying, she mari’ied Benjamin Lidden, by whom she had children: he dying, she afterwards, viz: on the 12th day of May, 1817, conveyed the land thus granted to her two, children, by her first husband, viz, Nancy Perry and Thomas R. Ivey during their lives, in equal moities, and at their death, one moiety to the children of Nancy Perry and their heirs, and the other to the children of Thomas R. Ivey and their heirs. A partition was afterwards attempted to be made between Nathaniel Perry and his wife Nancy, and Thomas Ivey. Nancy Perry had three children by her husband, Nathaniel Perry, and Matilda, one of these children, intermarried with one Green Stephens, and they on the 21st day of April, 1837, conveyed their undivided interest in remainder in the tract of land to George Calhoun, the lessee of .the plaintiff; and the other two children conveyed their undivided interest in the same to one John Hon.
On the 28th of August, 1839, George Calhoun and John Hon made a division of the land, and executed mutual deeds of partition according to their interest, viz, two thirds to John Plon, and one third to George Calhoun-; and on the 18th of February, 1841, this action of ejectment was commenced by Calhoun’s lessee, against Nathaniel Perry, (his wife having *553 previously died,) the tenant in possession. The defendant resists the plaintiff’s right to recover upon this title, upon the following grounds, viz. On the 17th day of January, 1797, Thomas Rutledge conveyed the land to Benjamin Lidden; afterwards Benjamin Lidden died, and Sarah, his wife, continued to reside upon the land, recognizing the title of her husband acquired as above, and had her dower assigned out of it, which dower right she afterwards by deed bearing date on the 10th day of March, 1806, did give and grant to Thomas R. Ivey, and Nancy G. Ivey, her children by her first husband, that this operates to estop Sarah Lidden from setting up as against her children by Benjamin Lidden, her right as grantee of the land, which plaintiff contends she did not part from by the deed executed by her, and her said husband, on the 16th January, 17.97, to Thomas’ Rutledge, by reason of the illegal mode in which her privy examination was taken in North Carolina as to her voluntary execution of the deed; the defendant also contends that the deed executed to George Calhoun, the lessor of the plaintiff, on the 21st of April, 1839, by Green Stephens and his wife, Matilda, should not havebeen read in evidence, because the privy examination of the wife Matilda, as to her voluntary execution of the deed, was had after the commencement of the action of ejectment, and was also registered afterwards. The examination was taken before Daniel Coleman, judge of the 4th judicial circuit in the State of Alabama, on the 11th day of February, 1846, and the deed was registered in the county of Rutherford, State of Tennessee, on the 29th of March 1847; and also that the circuit judge erred in charging the jury that they might presume by lapse of time, a partition between Nathaniel Perry, and his wife Nancy, and Thomas R. Ivey, of the land conveyed to them for life with remainder in fee to their children from their 'mother, Sarah- Lidden, by the deed of the 12th of May, 1817'. This statement brings us understanding^ to an examination *554 of thewarious points relied upon in the case, by both the plaintiff and defendant. The first matter of controversy between the parties, to be discussed, is as to the validity of the deed of the 16th January 1797, executed by Benjamin Lidden and Kis wife Sarah, to Thomas Rutledge.- The privy examination of Sarah Lidden as to the execution of this .deed, is taken by James Keenan and James Britton, and their certificate in the words and figures following, to wit:
“Agreeable to an order of county court to us directed, we certify that we privately examined Sarah Lidden respecting her willingness to sign the within, and she declared she did it freely, without any force or compulsion whatever.”
It is to be observed, that it does not appear what order was made, or by what county court, or in what character the commissioners were acting, neither is there any date to the certificate. It also does not appear that Sarah Lidden was a resident of a different county from that in which {he deed was proven, or that she was so aged or infirm as to be unable to travel to the chief justice of the county, or to the county court, where alone such privy examination could be had, except in such cases as are provided for by the statutes then in force. Inasmuch as this mode of conveyance by privy examination of the feme covert, was introduced by statute in the place of one much more solemn and better calculated to protect her rights, viz, fine and recovery, great strictness must be required in enforcing the observance of the forms.prescribed by the statutes. In the present case, so far as we can see, none of them have been observed, and we are constrained to hold that this deed did not pass the title of Sarah Lidden. But this does not benefit the plaintiff in ejectment; because, 2nd, Sarah Lidden, after the death of Benjamin Lidden, her husband, to whom these lands had been conveyed by Thomas Rutledge by the deed of the 19th of January, 1797, entered into possession of *555 them under Benjamin Lidden’s title, and had her dower assigned out of them, which she afterwards, by the deed of the 10th of March 1806, conveyed to her children by her first husband: this, as 'was held by this court in the case of Halliburton and Owens and wife, estopped her from setting up her title under the grant from North Carolina against that of her deceased husband, and gave the land, with the exception of her dower to her children by Benjamin Lidden, who in consequence thereof, would have a title paramount to that acquired by Nathaniel Perry and wife, and Thomas H. Ivey, under the deed of the 12th May 1817, and which might protect the defendant if it was properly set up, and he-were in a condition to avail himself of it. But 3rd: it is contended that he is estopped from doing so, because after the execution of the deed of the 12th of May 1817, he claimed to hold under it, according to its provisions, and not under the deed of the 10th of March 1806, which conveyed to him and his wife, and to Thomas H. Ivey, Sarah Lidden’s dower interest in the land only; there is much proof showing that he did so hold, and it is reasonable to suppose that he did, for by the deed of 1806, he and his wife got only one half of the dower interest in the land, whereas by the deed of 1817, they got one half of the whole tract during life, with remainder in fee to their children. The judge said to the jury, that if he so held, he was estopped from disputing the title of his children to the land under the deed of 1817, after the death of his wife, and that he could not set-up as an outstanding title, that which exists in the children of Sarah Lidden, by her husband, Beiyamin Lidden; and in this we think the-law was correctly expounded.
4th. What estate did the children of Nancy Perry and Thomas H. Ivey take in the land under the deed from Sarah Lidden of 1817? we think most clearly, a vested remainder in fee simple. The words used are, “to Nancy Perry and Thomas Ivey during their lives to hold in moieties, and at their death, *556 one moiety to the children of Nancy Perry and their heirs, and one moiety to the children of Thomas H. Ivey and their heirs,” the words, children and their heirs, as used in this deed, are words of ptu-chase, and not words of limitation, by any principle of construction the rule in Shelly’s ease has ever received. Then under this deed Nancy Perry and Thomas H. Ivey took an estate for life, with a vested remainder in fee to their children. 5th, This vested remainder was an interest capable of being sold, and was sold, and passed to George Calhoun and John Hon, by the deed executed by the children of Nancy Perry before her death. On all the points thus discussed, there has been no error committed in the court below, and if the case-stood alone upon them, the judgment would have to be affirmed. But there are two objections taken by the defendant, which we think are fatal.
1st. The judge permitted the reading-of the deed of Stephens and wife, executed to George Calhoun on the 21st of April 1837, notwithstanding the privy examination of Mrs. Stephens was not taken till after the commencement of the suit: in this we think the court erred. A feme covert cannot convey a title to her lands except by a deed executed upon her private examination made as the law directs; her signature to a deed without such private examination is anullityjher deeds of all kinds are void without such examination; it is the examination which gives them validity, and not the signature; the signature being a nullity, without such examination; it then necessarily follows, that there is no divesture of title till such examination be had, and that if suit be brought before, it is brought without title in the lessor of the plaintiff; it is not similar in any respect to the case of an unregistered deed of a man, or feme sole; in such a casé the execution of the deed by the signature constitutes it a good and valid deed, being made by one having authority in law to execute it, an in- *557 cboate legal title is passed by it, and registration makes it perfect by relation from its date; it therefore may be registered after the action of ejectment is commenced; its date being anterior to the suit, and the title vesting upon registration by relation to the date, the lessor has title before the'commencement of the suit. Thus far and no farther have our decisions gone on this subject. It is true the circuit judge in this case seemed to think that such was the law, for he says in his charge, he was constrained to yield to the authority of the case of Owen vs. Owen, in 5 Humph. 352. If the judge had examined that case with care, he need have felt no constraint under it, for it determines nothing in connection with this question whatever; it merely holds that the date is a part of the deed, and when the donor acknowledged the execution of the deed, he acknowledged its execution on the day it bears date. But it is not the case of a deed executed by a feme sole, but the case of a deed executed by a man in trust for the benefit of a feme sole.
2d. The judge charged the jury in relation to the alledged partition between Perry and wife and Thos. H. Ivey, that it might be presumed from lapse of time; this we think was erroneous ; a married woman being incapable of contracting,' concerning her real estate, except in the mode prescribed by law, there can be no presumption against her in relation thereto. What effect, possession, under a void partition, may have by the operation of the statute of limitations, in a proper case made out, we need not now consider. For the two errors committed, find which we have just commented upon,.the judgment of the circuit court must be reversed, and the case remanded for a new trial.